**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JOAN WELSCH,** <br><br> Plaintiff, <br><br> v. <br><br> **AMERICAN RED CROSS,** <br><br> Defendant. | **Civil Action Number:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Joan Welsch, represented by counsel Farva Jafri, and brings this complaint against the American Red Cross ("ARC") for discrimination and wrongful termination on the basis of injury and disability.

## NATURE OF THE CLAIMS

1.   This is an action for monetary damages and a request for continuing workplace medical benefits to redress Defendant's unlawful discrimination and wrongful termination against Plaintiff on the basis of injury and disability in violation of, *inter alia*: (i) the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"); (ii) the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*; and (iii) the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq*, and other tortious conduct.

2.   Plaintiff Joan Welsch was a former Health & Safety Instructor working for Defendant American Red Cross (ARC), in connection with her claims of unlawful discrimination and retaliation.

3.   During early 2019, when Chris Perez, Plaintiff's former supervisor, was terminated,

1

Defendant ARC began to roll back reasonable accommodations it had previously provided to Plaintiff in connection with a back injury she sustained on the job.

4.   Ultimately, Defendant ARC fired Plaintiff Welsch based on a medical report that Plaintiff had never reviewed.

5.   When Plaintiff obtained a copy of the report, she disputed its contents and asked that she be allowed to provide an updated report in order to facilitate her reinstatement.

6.   Rather than engage in an interactive process with Plaintiff, Defendant ARC declined to respond. Instead, Defendant ARC chose to rely on a clearly inaccurate medical report, carelessly prepared by a physician assistant, to provide a pretext for its discriminatory and retaliatory decision to fire Plaintiff.

7.   Defendant ARC's discriminatory and tortious conduct showed a knowing, reckless and/or willful and malicious disregard for Plaintiff's rights. Defendant's unlawful conduct has caused and continues to cause Plaintiff Welsch to suffer economic damages of unemployment and expenses related to her back injury with no workplace medical coverage.

## JURISDICTION AND VENUE

8.   The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. Section 1367(a).

9.   Venue is proper in this district pursuant to 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

10. This Court has personal jurisdiction over Defendant because ARC's office, to which

Plaintiff reported, is located and conducts business in this district.

## PARTIES

11. Plaintiff Joan Welsch is a fifty-eight (58) year-old female who resides in Brunswick, Ohio. While employed at ARC, she resided in the County of Queens, State of New York and held the job title of Health and Safety Instructor.

12. Defendant ARC is an organization that provides relief and support to those in crisis, and responds to emergencies.  ARC's office in New York is located at 540 W. 49th Street, New York, NY 10019.

## ADMINISTRATIVE PROCEDURES

13.  Plaintiff has filed charges with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a right to sue letter dated August 20, 2020.  Plaintiff has timely filed her lawsuit pursuant to the Right to Sue letter she received from the EEOC. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

14. From July 2016 until Plaintiff's termination on June 10, 2019, Plaintiff Welsch was employed by Defendant ARC.

15. In July 2016, Defendant ARC hired Plaintiff as a Health and Safety Instructor.

16.  For nearly three years, Plaintiff instructed health and safety classes to community groups at the ARC building, as well as classes at community and corporate sites.

17. Plaintiff was a favorite with many of Defendant ARC's clients, who specifically requested that she teach their classes.

18. In addition to providing instruction, Plaintiff Welsch was expected to transport, load and unload equipment as necessary at teaching locations assigned by Defendant ARC.

19. Per the ARC employee handbook, as well as the job description for the role of Health and Safety Instructor, Plaintiff's job required her to lift equipment as heavy as 35 to 50 pounds.

20. In reality, Defendant ARC expected Plaintiff Welsch to maneuver up to 183 pounds of equipment to assigned locations.

21. Defendant ARC also expected Plaintiff to cover any teaching location within 75 miles of her home address at the time, in Queens, NY.

22. On June 9, 2018, Plaintiff severely injured her back while performing the duties of her employment by pushing a heavy cart of equipment up a two-story ramp. Plaintiff reported this injury to her supervisor the next day.

23. On July 16, 2018, Plaintiff's back injury was aggravated at work while transporting training equipment from a parking garage to a client training at the World Trade Center and she again reported it to her supervisor.

24. On July 24, 2018, Plaintiff presented Defendant with a physician's note detailing that Plaintiff had sustained a spinal injury with the recommendation that she "avoid lifting, pushing/pulling heavy objects."

25. Around the same time, Plaintiff also filed a workers' compensation claim.  She recently won that claim against Defendant.

26. In early August 2018, Defendant granted Plaintiff reasonable accommodations to continue performing her duties with her disability.

27. The accommodation that Defendant gave to Plaintiff was that she not lift more than 40 pounds of equipment and that she be allowed to use a rideshare service to minimize the physical toll of transporting equipment from a parked vehicle to different class locations.

28. Additionally, Defendant slightly reduced the geographic range of Plaintiff's

territory and assigned her to locations where she would not have to spend two hours or more in the car commuting.

29. Lastly, Defendant allotted Plaintiff additional set-up time to allow for multiple trips to transport equipment.

30. With these accommodations, Plaintiff Welsch was able to thrive in her position and succeeded in fulfilling her duties for the subsequent six months.

31. In approximately February 2019, Defendant  began to withdraw the accommodations previously granted to Plaintiff.

32. Specifically, Plaintiff's new supervisor, Jeanne Yusko, scheduled Plaintiff for trainings that required Plaintiff to commute more than two hours from her home each way.

33. Upon receiving her work schedule, Plaintiff immediately contacted Ms. Yusko to ask that her schedule be adjusted to be consistent with the reasonable accommodation granted by ARC.

34. Ms. Yusko refused to alter Plaintiff's schedule, despite the availability of numerous other instructors who could teach the ARC courses at the specified locations.

35. Defendant ARC also continued to schedule Plaintiff to teach classes in locations requiring her to commute more than two hours each way.

36. In March 2019, Plaintiff lodged a complaint of discrimination concerning Defendant's denial of her previously-granted reasonable accommodations.

37. In May 2019, Defendant offered Plaintiff an assignment that required two hours of travel time and was 78 miles from her home.

38. Plaintiff refused the assignment because it was outside the bounds of her agreed-upon accommodation.

39. When Plaintiff refused the assignment that violated the terms of her accommodation,

Plaintiff Welsch informed Ms. Yusko that per her previously-granted reasonable ADA accommodation, she could not sit in a car for more than two hours of travel.

40. In response, Ms. Yusko assured Plaintiff Welsch that Defendant would "work with [her] on this."

41. On May 24, 2019, Plaintiff Welsch emailed Jaydeen Calaman, Defendant ARC's Service Delivery Manager for the New York Metro territory, to relay her frustrations that Defendant ARC was not providing her agreed-upon accommodations, and instead was scheduling her to teach in Bridgeport, CT, more than two hours away from her home address.

42. Ms. Calaman responded to Plaintiff Welsch later that day stating, "There are no special accommodations on file for you regarding your back injury… [I]f you do not report tomorrow, this will be reported as an instructor no-show."

43. Plaintiff replied immediately, explaining that her reasonable travel accommodation was on file, that she had submitted two physician notes to Defendant ARC that explained her need for such accommodation, then made another workplace complaint regarding the sudden denial of her accommodation.

44. Plaintiff Welsch also asked her physician's office to resubmit her ADA paperwork to Defendant ARC.

45. On May 31, 2019, one week after making her complaint, Plaintiff Welsch was placed on mandatory unpaid administrative leave by Defendant ARC.

46. On June 7, 2019, Plaintiff Welsch requested to return to work with the same accommodations as initially provided by Defendant ARC in August 2018.

47. Five days later, on June 12, 2019, Angela Pine of Defendant ARC's Human Resources

Department notified Plaintiff Welsch that Defendant ARC was terminating her employment, effective immediately.

48. Ms. Pine acknowledged Plaintiff Welsch's request for reinstatement of her August 2018 reasonable accommodation but would not state whether Defendant ARC could grant it.

49. Instead, Ms. Pine focused on the recently-submitted ADA form from Plaintiff Welsch's physician that Plaintiff had asked to be re-sent to Defendant ARC. Ms. Pine claimed that the physician's note indicated that Plaintiff's activities were so restrictive that Defendant ARC could not possibly provide the requested accommodations.

50. Plaintiff replied that she had not seen that ADA form provided by her physician and requested a copy of the same.

51. Plaintiff received a copy of the ADA form.  After reviewing the form, Plaintiff emailed Ms. Pine, stating "I disagree with what the doctor wrote in my ADA form and believe I can perform my job duties with the accommodation I was previously given. I'm also open to suggestions about other ways to address this besides firing me."

52. Two days later, Ms. Pine replied by relying on the aforementioned ADA form to justify Defendant ARC's termination decision.

53. The same day, Plaintiff replied that she suspected that a physician assistant, rather than her actual physician, had completed the resubmitted ADA form and asked, "If I saw my doctor and asked him to complete an updated form would that make a difference?" Ms. Pine did not respond.

54. Defendant adamantly relied upon this ADA form which Plaintiff Welsch disputed, even when she offered proper documentation from her physician and a return to her reasonable accommodation.

55. Plaintiff Welsch asserts that this decision by Defendant ARC to deny her reasonable

accommodation and to reject her offered physician's documentation was discriminatory and retaliatory in nature.

56. Defendant, despite granting Plaintiff a reasonable accommodation for a period of six months, fired Plaintiff exclusively because of Plaintiff's disability.

## FIRST CAUSE OF ACTION

### (Discrimination and Harassment in Violation of ADA)

57. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 56, inclusive, as if fully set forth herein.

58. Defendant has discriminated against Plaintiff in violation of the ADA by denying her equal terms and conditions of employment, including but not limited to, denying her a reasonable work accommodation, because of her disability, because Defendant regarded Plaintiff as disabled, and/or because of Plaintiff's record of disability.

59. Defendant has discriminated against Plaintiff in violation of the ADA by denying her equal terms and conditions of employment, including but not limited to, discharging Plaintiff, despite her qualifications and impeccable work history for ARC, because of her disability, because Defendant regarded her as disabled, and/or because of Plaintiff's record of disability.

60. Defendant has discriminated against Plaintiff in violation of the ADA by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive discrimination against Plaintiff because of her disability, because Defendant regarded her as disabled, and/or because of Plaintiff's record of disability.

61. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in

violation of the ADA, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

62. Defendant's unlawful and discriminatory actions constitute willful violations of the ADA for which Plaintiff is entitled to an award of punitive damages.

63. This disability-based discrimination against Plaintiff by employees of ARC has caused her not only to lose her job but also to run up significant medical bills and develop long-term negative repercussions to her physical and mental health.

64. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits.

65. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

66. Defendant's unlawful and discriminatory actions constitute willful violations of the ADA for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION

### (Violation of the ADA)

67. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 66, inclusive, as if fully set forth herein.

68. Defendant violated Title I of the ADA, which prohibits employers from discriminating against a qualified individual on the basis of disability.

69. An employer will be found to have discriminated against an employee with a disability by not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business.

70. Defendant violated the ADA by stripping Plaintiff of the reasonable accommodation that had allowed Plaintiff to thrive in her position with ARC, and by not demonstrating any undue hardship on its course of business through a proposed accommodation.

71.  As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages.

72. Defendant's unlawful conduct constitutes a knowing, malicious, willful and wanton violation of the ADA for which Plaintiff is entitled to an award of punitive damages.

### <u>THIRD CAUSE OF ACTION</u>

#### (Discrimination in violation of New York State Human Rights Law)

73. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 72, inclusive, as if fully set forth herein.

74. Defendants have discriminated against Plaintiff in violation of the New York State Human Rights Law by denying her equal terms and conditions of employment, including but not limited to, denying her continuation of her reasonable accommodation, because of her disability, because Defendant regarded Plaintiff as disabled, and/or because of Plaintiff's record of disability.

75. Defendant has discriminated against Plaintiff in violation of the New York State Human

Rights Law by denying her equal terms and conditions of employment, including but not limited to, terminating her, despite her qualifications and positive track record as an employee, because Defendant regarded her as disabled, and/or because of Plaintiff's record of disability.

76. Defendant has discriminated against Plaintiff in violation of the New York State Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her disability, because Defendant regarded her as disabled, and/or because of Plaintiff's record of disability.

77. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits.

78. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## **FOURTH CAUSE OF ACTION**

### **(Discrimination in violation of New York City Human Rights Law)**

79. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 78, inclusive, as if fully set forth herein.

80. Defendants have discriminated against Plaintiff in violation of the New York City Human

Rights Law by denying her equal terms and conditions of employment, including but not limited to, denying her continuation of her reasonable accommodation, because of her disability, because Defendant regarded Plaintiff as disabled, and/or because of Plaintiff's record of disability.

81. Defendant has discriminated against Plaintiff in violation of the New York City Human Rights Law by denying her equal terms and conditions of employment, including but not limited to, terminating her, despite her qualifications and positive track record as an employee, because Defendant regarded her as disabled, and/or because of Plaintiff's record of disability.

82. Defendant has discriminated against Plaintiff in violation of the New York City Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her disability, because Defendant regarded her as disabled, and/or because of Plaintiff's record of disability.

83. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits.

84. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against defendants, containing the following relief:

A.  A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States, the State of New York and the City of New York;

B.  An order directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

C.  An award of damages in an amount to be determined at trial, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

D.  An award of damages in an amount to be determined at trial to compensate Plaintiff for all non-monetary and or compensatory damages, including but not limited to, compensation for medical expenses related to her back injury;

E.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial;

F.  An award of punitive damages;

G.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H.  Such other and further relief as the Court may deem just and proper.


**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted,

JAFRI LAW FIRM

Dated: November 18, 2020                    By:  _/s/ Farva Jafri_____

Farva Jafri

50 Evergreen Row

Armonk, NY 10504

farva@jafrilawfirm.com

p: (800) 593 7491

f: (224) 228 6721